

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4300 | DATE | 1/16/2003 |
| CASE TITLE | GEORGE KOZEL, et al vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant, City of Chicago's motion to dismiss is granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JAN 17 AM 11:56 | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE KOZEL, RAYMOND GREENWOOD, JOSE URTEAGA, RICHARD AGUINAGA, GREGORY SWEENEY, JOHN KONIOR, STEVEN SCHOLL, WILLIAM WHELAHAN, PETER DIGNAN, MARSHA FELDMAN, MICHAEL FLYNN, JEFFREY MURPHY, DANIEL STERLING, MICHAEL MEALER, CLARK SCHROEDER, NICHOLAS GAUDIO, KARL SCHMITT, JAMES BONK, ALAN ISAAC, and DONALD O'NEILL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, <br><br> Defendant. | DOCKETED JAN 21 2003 <br><br> Case No. 02 C 4300 <br><br> Hon. John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, George Kozel, Raymond Greenwood, Jose Urteaga, Richard Aguinaga, Gregory Sweeney, John Konior, Steven Scholl, William Whelahan, Peter Dignan, Marsha Feldman, Michael Flynn, Jeffrey Murphy, Daniel Sterling, Michael Mealer, Clark Schroeder, Nichola Gaudio, Karl Schmitt, James Bonk, Alan Isaac, and Donald O'Neill (collectively "Plaintiffs"), filed a two-count complaint, alleging violations of the 1972 and 1983 *Shakman* Decrees and petitioning for a rule to show cause why Defendant, the City of Chicago ("the City"), should not be held in contempt.

Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss the Complaint. For the reasons that follow, the City's Motion to Dismiss is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'. . . he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The district court must review the complaint liberally, taking as true all well-pleaded allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

## BACKGROUND

For purposes of this motion to dismiss, the following allegations are taken as true.

Plaintiffs are registered voters in Chicago, Cook County, Illinois. Plaintiffs are, or were at

all relevant times, lieutenants in the Chicago Police Department. Plaintiff met all the qualifications for eligibility for selection as a captain of police in the Chicago Police Department.

In 1972, the City "entered into a Consent Judgment [the 1972 Decree] which prohibited [it] from conditioning, basing or affecting any term or aspect of employment upon political factors once an individual obtained public employment." *Shakman v. Democratic Org. Cook County*, No. 69 C 2145, 2001 WL 1155274, at *1 (N.D. Ill. Sept. 28, 2001). In 1983, the City entered into another Consent Judgment, the 1983 Decree, "prohibiting political hiring and exempting certain positions from the Judgment." The 1983 Decree was to "eliminate the conditioning, basing or affecting of employment with the City of Chicago on political reasons or factors while maintaining the ability of elected officials . . . to establish, manage and direct the policies and affairs of the City." The 1972 and 1983 Decrees remain in full force and effect.

In 1983, the court also "entered an Order . . . prohibiting politically motivated hiring and ordering defendants to prepare plans of compliance and reporting procedures." *Shakman*, 2001 WL 1155274, at * 1. Pursuant to this Order, the City filed with the court a Plan of Compliance and later adopted the Detailed Hiring Provision ("DHP"), which was applicable to all positions not exempted from the 1972 and 1983 Decrees. Positions that were exempted from the Decrees were positions involving the formulation and implementation of policy where political considerations could be considered in the selection of personnel for such positions consistent with the First and Fourteenth Amendments. The number of positions which could be added to the exempt listing was limited so that the number of such positions would not exceed a fixed percentage of the available positions. The position of "Captain of Police" has never been listed or disclosed as being exempt from the provisions of the 1972 and 1983 Decrees.

-3-

On December 22, 2000, January 18, 2001, and in December 2001, the Superintendent promoted various police lieutenants to the position of captain in a manner that violated the 1972 and 1983 Decrees by, among other things, not adhering to the DHP; failing to use objective, pre-set criteria and to announce that the selection would be based on the Superintendent's personal experience with candidates; and the reliance of the Superintendent on his personal knowledge, experience or familiarity with the selected candidates.

In Count I, Plaintiffs allege that as a result of the City's actions, they have sustained injuries, including lost wages and benefits, and seek a declaration that the procedures and process used by the City in making promotions to the position of captain is and was contrary to the provisions of the *Shakman* Decrees and that the City be directed to adhere to the provisions of the *Shakman* Decrees.

In Count II, Plaintiffs petition for a rule to show cause why the City should not be held in contempt for failure to comply with the terms of the *Shakman* Decrees, the Plan of Compliance and the DHP.

## DISCUSSION

The City argues that (1) the complaint should be dismissed because Plaintiffs lack Article III standing to seek enforcement of the *Shakman* Decree, (2) Count I should be dismissed because Plaintiffs fail to allege a jurisdictional basis for a declaratory judgment action for failure to hire and promote in accordance with the 1983 Decree, and (3) Count II should be dismissed because Plaintiffs fail to allege any facts to support a claim of political discrimination in violation of the *Shakman* Decree.

A party has standing to bring an action to enforce the *Shakman* Decree if he or she is a registered voter, *see Shakman v. Democratic Org. of Cook County*, 569 F. Supp. 177, 182 (N.D. Ill.

1983), and can establish Article III standing. *See Plotkin v. Ryan*, 239 F.3d 882 (7th Cir. 2001). "[A] party invoking federal jurisdiction must show (1) 'injury in fact;' (2) a causal connection between the injury and the challenged conduct, i.e., 'traceability;' and (3) that it is 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Plotkin*, 239 F.3d at 884 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Plaintiffs bear the burden of establishing standing, and each element . . . must be supported by more than unadorned speculation." *Plotkin*, 239 F.3d at 885.

Plaintiffs allege that they are registered voters who were eligible for promotion to the position of captain in December 2000 and January and December 2001 but were not selected for that position and that the City used a method of promotion that violated the *Shakman* Decrees, the Plan of Compliance and the DHP.

"*Shakman* prohibits only political considerations *which effect* [sic] *voter and candidate rights.*" *Shakman v. Democratic Org. of Cook County*, 365 F. Supp. 1241, 1248 (N.D. Ill. 1972); *see also Herron v. City of Chicago*, 619 F. Supp. 767, 773 (N.D. Ill. 1985) (noting that the *Shakman* judgment "enjoins the defendants from hiring or refusing to hire employees based on political considerations"). Here, Plaintiffs do not allege that the promotion of the selected candidates or the promotion process was based on political considerations which affected their voter rights. Rather, Plaintiffs allege that certain procedures were not followed and that the promotion was based on the Superintendent's personal experience with the candidates. These allegations fail to establish an injury in fact to their rights as voters to bring an action to enforce the *Shakman* Decree. Therefore, the City's Motion to Dismiss is granted.

## CONCLUSION

For the reasons stated above, the City of Chicago's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

*[signature]*

John W. Darrah, Judge
United States District Court

Date: January 16, 2003